EDWARD A. SMITH, APPELLANT, V. DOUGLAS COUNTY AGRICULTURAL SOCIETY ET AL., APPELLEES.

FILED JUNE 18, 1915. No. 18585.

1. Counties: ALLOWANCE OF CLAIMS: APPEAL. An order of the county commissioners allowing the claim of an agricultural society for county aid under the statute is appealable.

2. Constitutional Law: LEGISLATIVE ACT: TITLE. The subject of legislation must be clearly expressed in the title of the act. The act of the legislature (Laws 1913, ch. 165), which attempts to increase the amount to be donated by a county to an agricultural society from three cents per inhabitant of the county to five cents without the limitation expressed in the title that such aid "shall not exceed the amount annually paid by such society for premiums other than speed," is in violation of section 11, art. III of the Constitution, and is void.

3. Appeal: PRACTICE: REVIEW. Technical questions of practice before the county commissioners which were not presented to the district court will not be considered here.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed with directions.*

*E. A. Smith* and *T. E. Brady,* for appellant.

*George A. Magney* and *Charles Haffke, contra.*

SEDGWICK, J.

The Douglas County Agricultural Society applied to the county commissioners of that county for a warrant under the provisions of chapter 165, Laws 1913 (Rev. St. 1913, sec. 6). The county commissioners allowed the claim in the sum of $7,326.50, and an appeal was taken to the district court by Edward A. Smith, as a taxpayer of that county. Upon trial in the district court, the action of the county commissioners was affirmed, and Mr. Smith, as a taxpayer, has appealed to this court.

1. It is first objected that no appeal lies in such case from the action of the county board. This question was presented to the district court upon a stipulation of facts which recited: "The county commissioners of Douglas county, Nebraska, allowed the claim of the said agricultural society in the sum of $7,326.50, for which a warrant was drawn in favor of said Douglas County Agricultural Society." Such decision of the county board is appealable.

2. The stipulation was that at the November election, 1912, of a member of congress for that district there were cast in Douglas county 29,306 votes. On the basis of five inhabitants for each voter, as the section quoted provides, and allowing five cents for each inhabitant, the court found the amount due the society under that statute to be as before stated. It is objected that the said act of 1913 is invalid, because the act is broader than the title.

The act of 1913 purports to amend the former statute, section 3019, Ann. St. 1911. That section provided for the donation by the county of the sum of three cents for each inhabitant of the county. The new act increased this to five cents for each inhabitant. The title contained the limitation "that said county aid shall not exceed the amount actually paid by such society for premiums other than speed." The court allowed the five cents per inhabitant provided for in the body of the act without the limitation indicated in the title. If the act had been limited as stated in the title, the amount allowed under this evidence would have been $4,092, instead of $7,326.50. By section

11, art. III of the Constitution, which has been so often construed by this court, the subject of legislation must be clearly expressed in the title. The object is to prevent surreptitious legislation. The members of the legislature and the public interested are notified by the title what legislation is intended. The amendment by which the donation is so largely increased is by the title of the act conditioned upon the amount of premiums, other than for speed, which are paid by the society. The act which increases the donation absolutely is, of course, broader than the title, which allows such increase only if the amount is actually paid out in premiums. "Where the language employed in the title is such as would lead a reasonable man to suppose that the legislature intended to restrict the scope of the act within certain limits specified in the title, such act is unconstitutional so far as concerns any provisions outside the limits thus marked out, even though such provisions might properly have been included in the act under a broader title." 26 Am. & Eng. Ency. Law (2d ed.) p. 590. This court has frequently declared that an act of the legislature will not be declared void, unless it is so clearly in violation of the constitution that no other conclusion is admissible. If an act which increases the amount of donation of the public money can omit and disregard that part of the title which places a limitation upon the amount so donated, the evil which the constitutional provision in question seeks to prevent is encouraged in its most dangerous form. The increase of the amount of the donation within the limits specified in the title was the inducement, in fact the only purpose, of the amendment. It follows that the act is invalid for any purpose, and the court should have proceeded under the former statute.

Several technical questions of practice are suggested in the brief. They were not presented to the district court in the petition there filed by this appellant, and are therefore not considered here.

The judgment of the district court is reversed and the cause remanded, with instructions to enter judgment in

favor of the agricultural society upon the basis of three cents for each inhabitant of the county, estimating five inhabitants for each elector voting for member of congress at the 1912 election.

REVERSED.

HAMER, J., not sitting.